B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> WESLEY SPEARS | **DEFENDANTS** <br> JOSEPH STEPHEN ELDER |
| ATTORNEYS (Firm Name, Address, and Telephone No.) <br> Cohen Burns Hard + Paul (Kevin Burns) <br> 81 So. Main St., West Hartford CT 06107 <br> (860) 561-1036 | ATTORNEYS (If Known) <br> Martin Chorches, ESQ. <br> 449 Silas Deane Highway 2nd Floor <br> Wethersfield CT 06109  (860) 563-3955 |
| PARTY (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | PARTY (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Nondischargeability of debt for fraud in a fiduciary capacity; 11 USC sec 523(a)(4) and willful and malicious injury by debtor to plaintiff 11 USCS 523(a)(6)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 114,992.99 + interest + costs |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>JOSEPH  STEPHEN  ELDER || BANKRUPTCY CASE NO.<br>12-22771 ||
| DISTRICT IN WHICH CASE IS PENDING<br>CONNECTICUT || DIVISION OFFICE<br>HARTFORD | NAME OF JUDGE<br>A.S. PABROWSKI |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>KEVIN J BURNS ||||
| DATE<br>4/21/2013 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>KEVIN J BURNS ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT, HARTFORD DIVISION

IN RE:

JOSEPH STEPHEN ELDER
    Debtor

CASE NO: 12-22771
CHAPTER 7

WESLEY SPEARS
    Plaintiff
V.

JOSEPH STEPHEN ELDER
    Defendant

Adversary Proceeding No. _____

## COMPLAINT FOR NONDISCHARGEABILITY OF DEBT

Wesley Spears (hereafter "Plaintiff") hereby brings a complaint against debtor, Joseph S. Elder (hereafter, "defendant") and states as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure rule 7001 et. Seq.

2. This Court has jurisdiction over this matter pursuant to , 28 U. S. C. Section 1334 and 28 U.S.C. Section 157(b)(2)(I). This is a core proceeding whereby BOA seeks a determination of non dischargeability of its debt pursuant to 11 U.S.C. Section 523(a) (2).

3. The defendant is the debtor in this bankruptcy case, having filed a voluntary petition for bankruptcy relief. He is also an attorney licensed to practice in the state and federal courts in the State of Connecticut

4. Plaintiff is also an attorney licensed to practice in the state and federal courts of the State of Connecticut. He is presently the holder of the subject claim against the defendant.

## FACTS APPLICABLE TO ALL COUNTS

5.      Plaintiff is the holder of a judgment in the original principal amount of $73,000.00 dated March 3, 2009, which has accrued statutory interest pursuant to Connecticut General Statutes Section 37a-3, legal fees pursuant to Connecticut General Statutes Section 49-7 and Section 52-249, plus costs.

6.      On June 26, 2004, town of Plainville police officers approached the home of one of the defendant's clients with the intent to execute a search warrant. The warrant was pending, but the police officers prevented the client from entering his home. The client phoned the defendant, who advised him that the officers could not enter the house without a warrant. A struggle ensued, wherein an officer injured his arm. The client then entered the house, and began destroying evidence inside. A supervising officer for the Town of Plainville subsequently dialed the number the client had called and the defendant identified himself as "Wes Spears." Thereafter, the same officer made a subsequent call, requesting to speak to plaintiff and defendant, again, identified himself as plaintiff when the officer asked him by name, at a time the officer advised defendant of both his intention to apply for a warrant to arrest plaintiff and thereafter, file a grievance against plaintiff, and defendant said nothing to correct the officer's misunderstanding.

7.      The supervising officer unsuccessfully applied for the arrest warrant but did, under the mistaken belief he was speaking to the plaintiff, filed a grievance against him. As a result, the Statewide Grievance Committee conducted an investigation of the plaintiff.

8.      During the course of the grievance, plaintiff, having discovered the phone number called by the officer, dialed it and spoke to a female who stated that she had been receiving a number of calls for the defendant.

9.      Plaintiff then asked defendant if he had impersonated him and defendant stated that he

had not.

10. Thereafter, in the course of litigation against the Town of Plainville and its officer for the wrongful grievance, plaintiff discovered during a deposition by listening to the recorded phone call that it was indeed, the defendant, who had impersonated him.

11. The plaintiff thereupon filed suit against the defendant, alleging defamation and fraud. At trial, the jury awarded the plaintiff a verdict of general damages of $32,000 and punitive damages of $41,000, upon which the court subsequently entered a judgment. Said judgment was affirmed upon appeal by the Appellate Court of the State of Connecticut and certification was denied by the Supreme Court of the State of Connecticut

12. Defendant filed his Chapter 7 bankruptcy petition on November 21, 2012.


COUNT ONE: FRAUD IN A FIDUCIARY CAPACITY (11 U.S.C. Section 523(a)(4))

1-12. Paragraphs one through twelve are hereby incorporated by reference as if fully more set forth herein.

13. At the time of his actions the defendant was acting in his capacity as a licensed attorney in the State of Connecticut and an officer of the court.

14. By impersonating the plaintiff and subsequently lying about the same to both the police officer involved and to the plaintiff, the defendant is guilty of fraud in a fiduciary capacity in derogation of 11 USC Section 523(a)(4).


COUNT TWO: WILLFUL AND MALICIOUS INJURY BY THE DEBTOR TO ANOTHER ENTITY (11 U.S.C. Section 523(a)(6))

1-12. Paragraphs one through twelve are incorporated by reference as if fully more set forth

herein.

15. The defendant, in failing both to correct the supervising officer for the Town of Plainville as to his identity when informed of the officer's intention to arrest and/or grieve plaintiff, and to own up to the fact of his impersonation when directly questioned by the plaintiff, is guilty of willful and malicious injury by the defendant to the plaintiff.

WHEREFORE, the movant respectfully requests that the court issue an order pursuant to 11 U.S.C. Section 523 (a)(4) and/or 11 U.S.C. Section 523(a)(6) determining that this debt is nondischargeable and that it award the full amount together with attorney fees and costs and other lawful charges as may be allowable thereunder.

WESLEY SPEARS

/s/Kevin J. Burns_____
Kevin J. Burns
COHEN, BURNS, HARD & PAUL
81 South Main Street
West Hartford, CT 06107
(860) 561-1036
Juris #CT 03075
kburns@cbhplaw.com